[Cite as *Sullivant Holdings L.L.C. v. Virgenia, Inc.*, 2014-Ohio-2149.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sullivant Holdings, L.L.C., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-960 |
| | | (M.C. No. 13CVG-9266) |
| Virgenia, Inc. et al., | : | |
| | | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| (Mohamed Fateh, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on May 20, 2014

*Richard B. Parry,* for appellant.

APPEAL from the Franklin County Municipal Court

CONNOR, J.

{¶ 1} Defendant-appellant, Mohamed Fateh, appeals from a judgment of the Franklin County Municipal Court, in favor of plaintiff-appellee, Sullivant Holdings, L.L.C. For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} On March 20, 2013, appellee filed a "Complaint in Forcible Entry and Detainer and Lease Default" in the Franklin County Municipal Court against several defendants, including Virgenia, Inc. ("Virgenia"), Beverage Depot Plus, L.L.C. ("Beverage"), and appellant. The complaint alleges that Virgenia and its assigns and subleases violated the terms of a commercial lease by failing to pay rent in accordance with the agreement. The complaint seeks restitution of the leased premises located at

3600 Sullivant Avenue, Columbus, Ohio, and an award of monetary damages in the total amount of $15,000.

{¶ 3}   None of the named defendants appeared at the initial eviction proceeding and the trial court issued an order of restitution on April 15, 2013. Thereafter, on April 22, 2013, appellant and Beverage each filed a motion for relief from judgment and a motion for leave to file an answer to the complaint.  On May 23, 2013, the trial court denied the motions filed by Beverage but granted appellant's motions.

{¶ 4}   On July 16, 2013, the trial court granted a default judgment against Virgenia in the amount prayed for in the complaint. Thereafter, on August 5, 2013, Nedeem Qurashi, counsel for the named defendants, moved the court to withdraw from the case. The stated grounds for the motion to withdraw are that counsel had been unable to contact his clients and that they had not honored the fee agreement.  Qurashi served appellant with a copy of the motion to withdraw by regular mail at 3600 Sullivant Avenue, the leased premises.  On that same date, appellee filed a motion to compel discovery pursuant to Civ.R. 37.

{¶ 5}   On September 23, 2013, the trial court granted appellee's motion to compel discovery and ordered Beverage and appellant to respond to the pending discovery requests within 14 days thereof.   The trial court served the order upon appellant by regular mail at 4498 Westerpool Circle, Columbus, Ohio 43228. The trial court subsequently granted Qurashi's motion to withdraw on September 11, 2013. The trial court served the entry upon appellant by regular mail at the Westerpool address.[1]

{¶ 6}   Appellee filed a motion for default judgment, pursuant to Civ.R. 37(B)(2)(c), on October 13, 2013. Counsel for appellee served appellant with the motion by regular mail at the Westerpool address.  Neither appellant nor Beverage responded to the motion.

{¶ 7}   On October 29, 2013, the trial court issued an entry granting the motion for default and entering judgment, jointly and severally, against all defendants in the amount of $15,000, plus costs. Appellant timely appealed to this court.

## II. Assignment of Error

{¶ 8}   Appellant assigns the following sole assignment of error for our review:

---

[1] The court notes that the only "Entry and Order" in the record is the one regarding Beverage. However, the trial court did serve the entry on appellant at the Westerpool address.

THE TRIAL COURT ERRED IN GRANTING A DEFAULT JUDGMENT FOR THE PLAINTIFF, SULLIVANT HOLDINGS LLC[.]

## III. Standard of Review

{¶ 9} Civ.R. 37(B)(2)(c) provides in relevant part:

> (2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party*[.]

(Emphasis added.)

{¶ 10} A trial court has broad discretion when imposing discovery sanctions. *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 11. An appellate court shall review such rulings under an abuse of discretion standard. *Id.* citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. " 'Under this standard of review, we must affirm the trial court's action absent a showing that the trial court acted unreasonably, unconscionable or arbitrarily.' " *Watkins v. Holderman,* 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 14, quoting *Stark v. Govt. Accounting Solutions, Inc.,* 10th Dist. No. 08AP-987, 2009-Ohio-5201, ¶ 14.

## IV. Legal Analysis

{¶ 11} In appellant's sole assignment of error, appellant contends that the trial court abused its discretion when it granted default judgment as a sanction for appellant's failure to comply with an order compelling discovery. Appellant maintains that his trial counsel abandoned him "at the eleventh hour at a critical point," and that his subsequent failure to comply with the trial court order is excusable. (Appellant's brief, 8.) The record does not support appellant's argument.

{¶ 12} "A party 'has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.' " *Tymachko, D.O. v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 15, quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49 (1997). Indeed, "where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." *Id.*

{¶ 13} Although the record corroborates appellant's claim that his former counsel failed to serve him with a copy of the motion to withdraw, we note that the relevant local rule does not require such service. *See* Loc.R. 3.02 of the Franklin County Municipal Court. Rather, under the local rule, a motion to withdraw as counsel will not be considered unless it contains "counsel's professional statement that, if allowed, a copy of the entry will be mailed immediately to the last known address of the client." Loc.R. 3.02(2)(c) of the Franklin County Municipal Court. Appellant does not allege that his former counsel failed to comply with the rule. Moreover, as noted above, the record clearly demonstrates that the trial court served appellant with a copy of an entry granting counsel's motion to withdraw.

{¶ 14} Additionally, the record shows that the trial court served appellant with the order compelling discovery and that appellee's counsel subsequently served appellant with a copy of the motion for default judgment. Thus, the fact that appellant was not served with the motion to withdraw does not excuse appellant's subsequent failure to take any action either with regard to the trial court's order compelling discovery or appellee's motion for default judgment. Appellant had prior notice that a default judgment was possible due to his failure to comply with the trial court's discovery order and he had a reasonable opportunity to defend against a default.

{¶ 15} Default judgment may be employed as a sanction where a " parties' failure to comply with a court order is due to willfulness, bad faith *or any fault of the party*." *See Watkins* at ¶ 22. (Emphasis added.) However, " '[a] trial court is not required to use the terms "willfulness or bad faith" in a dismissal order, so long as such behavior can be

established from the record.' " *Id.* quoting *Tymachko*, at ¶ 14. In granting the motion for default, the trial court stated:

> Defendants Beverage and Fateh have abandoned this litigation. They have lost contact with their lawyer (whom they failed to pay for his services) and they have failed or refused to participate in the discovery process.
>
> Under the circumstances, the court is of the opinion that judgment by default is appropriate in this case.

(Judgment Entry, 2.)

{¶ 16} The trial court specifically found that appellant had "abandoned this litigation." The record establishes that appellant completely failed to respond to appellee's request for production of documents and interrogatories; failed to respond to appellee's motion to compel discovery; failed to comply with the trial court order compelling appellant to provide discovery responses; and failed to oppose appellee's motion for default. As noted above, appellant has provided no justifiable reason for his complete failure to comply with the trial court's discovery order. *See Exact Software N. Am. v. Infocon, Inc.*, 479 F.Supp.2d 702, 711 (N.D.Ohio 2006), citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990) (noting that entry of default judgment is not an abuse of discretion where a party has the ability to comply with discovery orders but fails to do so). Although appellant argues that he is but an employee of Beverage and that there exists no legal basis for a personal judgment against him, the record shows that appellant's own unexcused failure to comply with the trial court's discovery order was the sole reason that the trial court did not reach the merits of appellant's potential defenses. Under the circumstances, the trial court acted within its discretion when it granted default judgment. Appellant's sole assignment of error is overruled.

## V. Conclusion

{¶ 17} For the foregoing reasons, we hold that the trial court did not abuse its discretion when it entered a default judgment against appellant as a sanction for appellant's unexcused failure to comply with an order compelling discovery. Having

overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

SADLER, P.J. and LUPER SCHUSTER, J., concur.

_____