[Cite as *Reitano v. Wexner Med. Ctr.*, 2016-Ohio-4557.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bridget Reitano et al., | : | |
| Plaintiffs-Appellants, | : | No. 16AP-24 |
| v. | : | (Ct. of Cl. No. 2014-00287) |
| Wexner Medical Center et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 23, 2016

**On brief:** *Thomas C. Loepp Law Offices Co., LPA*, and *Thomas C. Loepp*, for appellants. **Argued:** *Thomas C. Loepp.*

**On brief:** *Michael DeWine*, Attorney General, *Jeffrey L. Maloon*, and *Daniel R. Forsythe*, for appellees. **Argued:** *Jeffrey L. Maloon.*

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiffs-appellants, Bridget and Jim Reitano, appeal from a judgment of the Court of Claims of Ohio in favor of defendants-appellees, Wexner Medical Center and Arthur G. James Cancer Hospital, dismissing appellants' complaint with prejudice pursuant to Civ.R. 37. For the reasons that follow, we affirm the judgment of the Court of Claims.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The complaint alleges that in 2008, Paul E. Wakely, Jr., M.D., a physician employed by appellees, misdiagnosed Bridget as suffering from Stage 4 Metastic

Melanoma, a terminal condition. Subsequent to the diagnosis, another physician employed by appellees, Kari L. Kendra, M.D., prescribed repeated chemotherapy treatments in order to treat the diagnosed condition. Over the next four years, Bridget underwent 50 chemotherapy treatments, which caused her great physical pain and mental anguish, as well as serious, permanent injuries to her organs and nervous system. According to the complaint, appellants later discovered that Bridget had been misdiagnosed and that she actually suffered from Schwannoma, not Melanoma. The complaint alleges that chemotherapy is not required to treat Schwannoma.

{¶ 3} On October 1, 2012, appellants filed a complaint against appellees in the Court of Claims alleging medical negligence, medical negligence-deliberate indifference, and loss of consortium. On March 22, 2013, appellants dismissed the complaint without prejudice by filing a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).

{¶ 4} On March 14, 2014, appellants refiled the complaint in the Court of Claims pursuant to the savings statute. R.C. 2305.19. The Court of Claims scheduled a pre-trial conference for August 12 and a trial for September 14-18, 2015. On June 4, 2014, the Court of Claims issued an order requiring appellants to "furnish defendant with the names of any expert witnesses and a copy of their reports on or before *January 5, 2015*." (Emphasis sic.) On December 19, 2014, appellees filed their first motion to compel, pursuant to Civ.R. 37(A), seeking an order requiring appellants to "immediately produce certain medical records as well as a copy of the written or recorded statement given by a representative of a defendant in possession of Plaintiffs' counsel."

{¶ 5} On January 6, 2015, the Court of Claims granted appellants' motion for a 30-day extension of time to provide expert reports. Pursuant to the order, appellants were to "furnish defendants with the names of any expert witnesses and a copy of their reports on or before *February 5, 2015*." (Emphasis sic.) On January 16, 2015, the Court of Claims granted appellees' motion to compel and ordered appellants to produce the following documents within 30 days: "copies of all medical records related to subsequent treating physicians not employed by defendant, including but not limited to those responsive to question #11 of defendants' first set of interrogatories; and * * * a copy of the written or recorded statement given by a representative of defendants."

{¶ 6}    On February 25, 2015, appellees filed a motion to dismiss the complaint due to appellants' failure to comply with the January 16, 2015 order.  Appellants filed a memorandum in opposition to the motion to dismiss on March 19, 2015, requesting a status conference.  On April 10, 2015, the Court of Claims conducted a status conference with the parties, and on that same date, the court issued an order requiring appellants to produce the following documents on or before April 17, 2015: "written or recorded statement given by a representative of defendants, as stated in the answer to Defendants' First Set of Interrogatories * * * Number 13; * * * a document detailing * * * Reitano's medical providers, doctors and facilities, including any hospital admissions or emergency room visits, occurring after treatment in defendants' facility; [and] signed authorization forms for the purpose of obtaining medical records."  The Court of Claims did not expressly rule on the motion to dismiss.

{¶ 7}    On July 27, 2015, appellees filed their second motion to compel, pursuant to Civ.R. 37(A)(2), seeking an order requiring appellants to produce documents responsive to a number of outstanding discovery requests.  Appellants did not oppose the motion. Following a pre-trial conference, the Court of Claims issued an order on August 18, 2015, continuing the trial to February 22-26, 2016 and granting appellees' motion to compel. The Court of Claims ordered appellants to provide dates for opposing counsel to depose Dr. Scott Plotkin, Dr. John Kuebler, and expert witness Mark Christopher, M.D.[1]  The Court of Claims also ordered appellants to provide signed authorization forms for the purpose of obtaining medical records from Dr. Donald Lawrence, Pickerington Sports Medicine, Dr. Plotkin, and Dr. Glen Stevens.  Lastly, the Court of Claims ordered appellants to "file expert reports for any and all identified experts that they intend to call." (Aug. 18, 2015 Entry at 2.)  The August 18, 2015 order further provides as follows: "All of the preceding must be completed in a satisfactory manner on or before *October 14, 2015*. Failure to comply with this order will result in dismissal, pursuant to Civ.R. 37." (Emphasis sic.)  (Aug. 18, 2015 Entry at 2.)

{¶ 8}    On October 15, 2015, appellees filed a motion to dismiss the complaint due to appellants' failure to comply with the court's August 18, 2015 order.  On November 2,

---

[1] Appellants were given the option to provide opposing counsel with authorization to meet with Dr. Kuebler.

2015, appellants filed a memorandum in opposition, arguing that "[d]efendant is the reason that there has been a delay in discovery" and that "[i]t is imperative that [Drs.] Kendra and [Ehud] Mendel be deposed before Plaintiffs' expert." (Nov. 2, 2015 Memo. in Opp. at 3.) Appellees filed a motion for leave to reply instanter on November 5, 2015. Appellees' attached the affidavit of appellees' counsel, Jeffrey L. Maloon, as an exhibit to appellees' proposed reply memorandum. In his affidavit, Maloon avers as follows:

> 3. Since the Court's Entry filed August 18, 2015, I have not received any communication from Plaintiffs' counsel attempting to schedule the deposition of Dr. Scott Plotkin including dates that Dr. Plotkin was available for deposition.
>
> 4. Since the Court's Entry filed August 18, 2015, I have not received any communication from Plaintiffs' counsel attempting to schedule the deposition of Dr. Mark Christopher including dates that Dr. Christopher was available for deposition.
>
> 5. I have reviewed my file and previous emails received from Plaintiffs' counsel, and have been unable to locate any communication from counsel that he wanted to depose either Dr. Kendra or Dr. Mendel before scheduling the deposition of Plaintiffs' expert witness, Dr. Mark Christopher.
>
> 6. On August 21, 2015 and as a result of a series of emails, the parties scheduled the deposition of Dr. Kari Kendra to take place on Tuesday, September 29, 2015. On Thursday, September 24, 2015, I received an email from Plaintiffs' counsel stating that he had not received any information in regard to scheduling Dr. Kendra's deposition. When reminded that the deposition was set for September 29, Plaintiffs' counsel indicated that he had failed to record the deposition on his calendar. On the following day, September 25, 2015, I received an email from Plaintiffs' counsel indicating that he was cancelling Dr. Kendra's deposition due to a scheduling conflict.
>
> 7. Via an email on September 28, 2015, I advised Plaintiffs' counsel that Dr. Mendel was out of the United States for the following two weeks and asked counsel to provide dates that he would be available for the deposition upon Dr. Mendel's return. I did not receive a response to that email from Plaintiffs' counsel.

8. Since the Court's Entry filed August 18, 2015, I have not received any communication from Plaintiffs' counsel attempting to schedule the deposition of Dr. John Kuebler on advising me that Plaintiff Bridget Reitano had elected to sign an authorization permitting me to meet with Dr. Kuebler.

9. Since the Court's Entry filed August 18, 2015, I have not received any expert reports from Plaintiffs' counsel and upon checking the Court's docket earlier today, there is no indication that any reports have been filed.

(Maloon Aff. at 1-3.)

{¶ 9} Appellants did not oppose the motion for leave, nor did appellants submit any evidence contradicting the averments in Maloon's affidavit. On December 14, 2015, the Court of Claims issued an order granting appellees' motion for leave to reply instanter and dismissing appellants' complaint with prejudice "for failure to comply with the court's orders, pursuant to Civ.R. 37." (Dec. 14, 2015 Entry at 7.) Appellants timely appeal to this court from the judgment of the Court of Claims.

## II. ASSIGNMENTS OF ERROR

{¶ 10} Appellants assign the following as error:

[1.] The trial court erred and abused its discretion in dismissing the underlying lawsuit without giving [appellants] notice of same.

[2.] The trial court erred and abused its discretion in punishing [appellants] wherein it was their legal counsel who was the offender.

## III. STANDARD OF REVIEW

{¶ 11} Civ.R. 37(B)(2) provides in relevant part:

If any party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

* * *

(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action* or proceeding.

(Emphasis added.)

{¶ 12} "A trial court has broad discretion when imposing discovery sanctions." *Sullivant Holdings, L.L.C. v. Virgenia, Inc.*, 10th Dist. No. 13AP-960, 2014-Ohio-2149, ¶ 10, citing *Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 11. "An appellate court shall review such rulings under an abuse of discretion standard." *Id.*, citing *Betz* at ¶ 11, citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. " ' "Under this standard of review, we must affirm the trial court's action absent a showing that the trial court acted unreasonably, unconscionable or arbitrarily." ' " *Id.*, quoting *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 14, quoting *Stark v. Govt. Accounting Solutions, Inc.*, 10th Dist. No. 08AP-987, 2009-Ohio-5201, ¶ 14.

## IV. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 13} In their first assignment of error, appellants argue that the trial court abused its discretion when it dismissed appellants' complaint, pursuant to Civ.R. 37, without providing appellants with notice of the court's intention to do so. In making this argument, appellants concede that the August 18, 2015 order served on appellants' attorney provides notice of the possibility of dismissal and provides a reasonable opportunity to defend against dismissal. Appellants contend, however, that personal notice to the affected party is required before a trial court may dismiss a complaint with prejudice. We disagree.

{¶ 14} Civ.R. 5(A) provides, in relevant part, that "[e]xcept as otherwise provided in these rules, *every order* required by its terms to be served, * * * shall be served upon each of the parties." (Emphasis added.) Civ.R. 5(B)(1) states: "If a party is represented by an attorney, service under this rule *must* be made on the attorney unless the court orders service on the party." (Emphasis added.) The Court of Claims complied with the Ohio Civil Rules when it served a copy of the August 18, 2015 order on appellants' attorney. We see no reason to alter the service requirement for orders issued pursuant to Civ.R. 37.

Moreover, this court has previously held that under Civ.R. 5(B), "service upon a party of a discovery order * * * is complete when the notice is served upon his attorney, and the party is bound by that service." *Rauchenstein v. Kroger Co.*, 3 Ohio App.3d 178, 180 (10th Dist.1981).

{¶ 15} Appellants contend that this court's prior decision in *Huntington Natl. Bank v. Zeune*, 10th Dist. No. 08AP-1020, 2009-Ohio-3482, stands for the proposition that the affected party is entitled to receive personal notice of the court's intention to dismiss a case as a discovery sanction pursuant to Civ.R. 37. We do not believe that *Zeune* stands for that proposition of law.

{¶ 16} In *Zeune,* the trial court granted a default judgment against a pro se defendant due to his failure to appear for a deposition, failure to respond to plaintiff's motion to compel, and failure to appear for a pre-trial conference. The defendant subsequently filed a motion for relief from judgment, pursuant to Civ.R. 60(B), arguing that he did not receive notice of the trial court's intention to grant default judgment. The trial court denied the defendant's motion and he appealed both the denial of Civ.R. 60(B) relief and the entry of default judgment.

{¶ 17} On appeal, the defendant argued in his second assignment of error that the trial court erred in entering a default judgment without first providing him notice of its intent to do so. This court found that because the plaintiff served the defendant with a motion to compel discovery or, in the alternative, for default judgment, defendant was on notice that the trial court might enter a default judgment as a sanction against him. *Id.* at ¶ 25. This court further found that the defendant had the opportunity to respond to the motion, but he did not avail himself of that opportunity. *Id.* Accordingly, this court overruled his second assignment of error. *Id.*

{¶ 18} The *Zeune* case involved a pro se litigant. Consequently, the *Zeune* case does not speak to the notice requirements under Civ.R. 37 for parties represented by counsel. Moreover, in *Zeune*, this court determined that a pro se litigant receives adequate notice of the possibility of a default judgment as a sanction for discovery violations where the party is served with a motion to compel or, alternatively, for default judgment and has a reasonable opportunity to defend against default. *Id.* In *Zeune*, the trial court never issued an entry warning the affected party of the possibility of default.

Here, the Court of Claims' August 18, 2015 entry specifically warned appellants that "[f]ailure to comply with this order will result in dismissal, pursuant to Civ.R. 37." (Aug. 18, 2015 Entry at 2.)   Thus, the *Zeune* case does not support appellants' notice arguments in this case.

{¶ 19} Appellants argue, in the alternative, that the Court of Claims abused its discretion in dismissing the action with prejudice where the notice of impending dismissal did not specify that the dismissal would be with prejudice.  We disagree.

{¶ 20} Civ.R. 37(B)(2)(c) does not specify whether a dismissal thereunder will be with prejudice or without.  However, Civ.R. 41(B) provides, in relevant part, as follows:

> Involuntary dismissal; Effect thereof.  (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules *or any court order*, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
>
> * * *
>
> (3)  Adjudication on the merits; Exception.  A dismissal under division (B) of this rule *and any dismissal not provided for in this rule * * * operates as an adjudication upon the merits* unless the court, in its order for dismissal, otherwise specifies.

(Emphasis added.)

{¶ 21} Based on the plain language of Civ.R. 37(B)(2)(c) and 41(B)(3), notice of the possibility of dismissal necessarily informs a party of the possibility that the dismissal will be with prejudice.  *See Tymachko, D.O. v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 18, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 49 (1997).  In rejecting the very argument made by appellants herein, this court in *Tymachko* stated: "A party 'has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal.' " *Id.* at ¶ 15, quoting *Quonset Hut* at 49.  *See also Carasalina, LLC v. Smith Phillips & Assocs.*, 10th Dist. No. 13AP-1027, 2014-Ohio-2423, ¶ 14; *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 21. Thus, under the settled case law, appellants' argument is without merit.

{¶ 22} For the foregoing reasons, appellants' first assignment of error is overruled.

**B.  Second Assignment of Error**

{¶ 23} In appellants' second assignment of error, appellants argue that the trial court abused its discretion by dismissing the action with prejudice due to the misconduct of their attorney.  Appellants first contend that the failure of the Court of Claims to conduct an evidentiary hearing on the motion to dismiss deprived appellants of an opportunity to dispute the averments in Maloon's affidavit.  We disagree.

{¶ 24} L.C.C.R. 4 governs the motions practice in the Court of Claims.  The local rule provides in relevant part:

> (C) Submission and hearing of motions. Unless otherwise ordered by the court, motions shall be determined without oral argument.
>
> The movant shall serve and file with his motion a brief written statement of reasons in support of the motion and the authorities upon which he relies.  If the motion requires the consideration of facts not appearing of record, the movant shall also serve and file copies of all the evidence which supports his motion.
>
> Each party opposing the motion shall serve and file, within fourteen days after service upon him of movant's motion, a brief written statement of reasons in opposition to the motion and the authorities upon which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all evidence in opposition to the motion.  Failure to file a written statement in opposition to the motion may be cause for the court to grant the motion as filed.  Reply briefs or additional briefs may be filed only upon a showing of the necessity therefore and with leave of court.

{¶ 25} Here, appellants filed a memorandum in opposition to appellees' motion to dismiss wherein appellants' counsel alleged facts not appearing on the record, including a claim that the parties had reached an agreement regarding some of the disputed discovery.  Yet, appellants did not support these factual allegations with evidence as required by L.C.C.R. 4(C).  When appellees filed their motion for leave to reply, however, appellees submitted Maloon's affidavit as evidentiary support for the proposed reply

memorandum.  Appellants did not oppose the motion for leave.  Nor did they submit any evidence contradicting Maloon's affidavit in the four-week period between the service of the motion for leave and the Court of Claims' ruling on the motion to dismiss.  Appellants never requested either an oral hearing or evidentiary hearing on the motion to dismiss.

{¶ 26} The record shows that the Court of Claims acted in accordance with its local rules when it decided appellees' motion to dismiss.  The Court of Claims based its ruling on the record, the parties' written memoranda, and the evidence properly submitted therewith.  On this record, we cannot say that the trial court unfairly deprived appellants of the opportunity to challenge Maloon's affidavit.  Accordingly, we find that the Court of Claims did not abuse its discretion when it relied on the unchallenged averments in Maloon's affidavit in ruling on the motion to dismiss.

{¶ 27} Appellants next contend that the Court of Claims abused its discretion by dismissing their case when sanctions against their attorney would have been more appropriate.  We disagree.

{¶ 28} When considering whether dismissal with prejudice under Civ.R. 41(B)(1) is appropriate, courts are guided by the general principle that " 'disposition of cases on their merits is favored in the law.' "  *Whipps v. Ryan*, 10th Dist. No. 14AP-67, 2014-Ohio-5302, ¶ 28, quoting *Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997).  The Supreme Court of Ohio has found that factors for a court to consider in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn out history of the litigation, including a plaintiff's failure to respond to discovery until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion.  *Hartranft* at 372, citing *Link v. Wabash RR. Co.*, 370 U.S. 626, 633-35 (1962); *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576 (1994), syllabus.  Thus, " '[d]espite the heightened scrutiny to which dismissals with prejudice are subject,' the action of the trial court will be affirmed when 'the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' " (Internal citation omitted.)  *Whipps* at ¶ 28, quoting *Quonset Hut* at 48.  *See also Geico Cas. Ins. Co. v. Durant-Baker*, 10th Dist. No. 13AP-573, 2014-Ohio-1530, ¶ 7.

{¶ 29} The Court of Claims' decision details "a long history of discovery disputes" that resulted in two separate orders compelling discovery and two motions to dismiss the

action due to appellants' failure to obey discovery orders.  (Dec. 14, 2015 Decision at 1.) The Court of Claims found that appellants "have displayed a pattern of non-compliance with court orders."  (Dec. 14, 2015 Decision at 5.)  The record supports a finding that appellants did not provide certain discovery until they were ordered to do so and that appellants subsequently failed to produce court-ordered discovery even though the Court of Claims had threatened appellants with dismissal.  The circumstances described in the Court of Claims' decision and the facts set forth in Maloon's undisputed affidavit provide substantial grounds for a dismissal with prejudice due to appellants' failure to obey the August 18, 2015 order.

{¶ 30} Nevertheless, appellants argue that they are completely blameless with regard to the discovery abuses of their attorney.  They claim that their trial attorney did not provide them with "notice of the various motions to compel discovery, to dismiss the case, or the admonitions of the trial judge."  (Appellants' Brief at 28.)  Appellants maintain that under the circumstances, a monetary sanction against their "inept, ill-prepared, dishonest attorney" would have been more appropriate.  (Appellants' Brief at 23.)

{¶ 31} First, there is no evidence in the record to support appellants' claim that their trial counsel failed to inform them of the various motions and admonition of the judge or that they were unaware of the negligence and/or misconduct of their attorney.  Second, even if we were to accept appellants' representation that they were unaware of their attorney's misconduct in this case, the record does not support their claim that the trial court acted unreasonably in dismissing their case, rather than sanctioning their attorney.  The Court of Claims' decision provides, in relevant part, as follows:

> Plaintiffs agreed to provide dates for the depositions of Drs. Plotkin and Kuebler, and it was only in consideration of said agreement that the court issued the order compelling plaintiff to facilitate the depositions.  Plaintiffs did not object to the depositions during the conference on August 12, 2015 and first raised the argument that the two physicians were treating physicians only and not retained as experts nearly three months after the conference call and almost three weeks after the agreed upon deadline.  *Had plaintiffs informed defendants of their position regarding the depositions of Drs. Plotkin and Kuebler, defendants would have had enough*

> *time prior to trial to subpoena them.* Even so, defendants never received a signed authorization form allowing them to meet with Dr. Kuebler. Regarding the deposition of plaintiffs' expert, Dr. Christopher, during the August 12, 2015 pretrial conference, plaintiffs did not indicate their desire to first depose Drs. Kendra and Mendel prior to Dr. Christopher. And, they have provided no evidence of any communication between the parties from which the court can infer such an agreement had been made. Again, *had defendants or the court been made aware of plaintiffs intentions, the issue would have been addressed in a timely manner, allowing defendants the opportunity to depose Dr. Christopher with enough time to prepare for trial.* However, due to the lack of communication, confusion, or evasiveness, defendants were left wondering why plaintiffs had failed to comply with the court order and had no reason to believe they needed to take alternative methods to arrange for Dr. Christopher's deposition. Finally, the court finds that plaintiffs have not filed any expert reports other than Dr. Christopher's, which is unsigned. * * * *Plaintiffs' unwillingness to file the reports of the other experts identified during the pretrial in a timely fashion has resulted in a situation where defendants do not have enough time to identify rebuttal experts and prepare for trial based on their findings.*

(Emphasis added.) (Dec. 14, 2015 Decision at 5-7.)

{¶ 32} The Court of Claims found that appellants' "pattern of non-compliance with court orders" thwarted the court's efforts to regulate discovery and unfairly prejudiced appellees' trial preparation. (Dec. 14, 2015 Decision at 5.) Although the Court of Claims could have awarded monetary sanctions against appellants' attorney in lieu of dismissal, such a sanction would not have cured the prejudice to appellees identified in the decision. A second continuance of trial in this re-filed case would have served to reward appellants for their continued disobedience of the court's order.

{¶ 33} The Court of Claims' August 18, 2015 order expressly informed appellants that "[f]ailure to comply with this order *will* result in dismissal, pursuant to Civ.R. 37." (Aug. 18, 2015 Entry at 2.) Yet, appellants failed to comply with the court order and the Court of Claims dismissed the case with prejudice. Considering all the above, the Court of Claims did not act arbitrarily, unreasonably, or unconscionably in dismissing appellants' action with prejudice. Accordingly, we hold that the Court of Claims did not abuse its

discretion by dismissing the action with prejudice.  Appellants' second assignment of error is overruled.

## V.  CONCLUSION

{¶ 34} Having overruled appellants' two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LUPER SCHUSTER, J., concurs.
TYACK, J., dissents.

TYACK, J., dissenting.

{¶ 35} Because I believe the trial court's decision to dismiss this case with prejudice unfairly punishes the Reitano family, I respectfully dissent.

{¶ 36} Nothing in the record before us indicates that the Reitano family knew how badly their counsel in the Court of Claims of Ohio was performing.  Although the majority opinion refers repeatedly to "they" and "them," in each case it was actually their lawyer who was displaying a pattern of non-compliance with court orders.  Now the Reitanos have no remedy but to pursue a legal malpractice suit against their former lawyer.  That lawyer lost his license to practice law because he was not paying his child support, which implies that he personally has no deep pockets.  We do not know if he carried legal malpractice insurance, but that seems somewhat unlikely given what we know about his handling of his personal finances and his failure to follow court orders.

{¶ 37} I have no problem with the trial court's ordering the dismissal of the lawsuit, given the lawyer's failure to do his job.  I have a serious problem with making it virtually impossible for the Reitanos to prove their case and recover for their injuries by entering a dismissal entry which is with prejudice.

{¶ 38}  Again, I respectfully dissent.

_____