OPINION
{¶ 1} Greg Allison appeals from the dismissal, with prejudice, of his breach of contract claim against Evenflo Company, Inc. ("Evenflo") for failure to provide discovery and failure to prosecute.
 {¶ 2} For the reasons discussed below, the judgment of the trial court will be affirmed. *Page 2 
 I {¶ 3} On October 10, 2006, Allison filed his complaint against Evenflo asserting that he was entitled to royalties on the sale of a newly-designed high chair sold by Evenflo because his consulting services had contributed to the design. After Evenflo filed its answer, the trial court held a pre-trial scheduling conference and set deadlines for the disclosure of experts, the completion of discovery, motions for summary judgment, and the like. A jury trial was scheduled for January 28, 2008.
 {¶ 4} In February 2007, both parties served interrogatories and requests for production of documents. Following a consensual extension of the deadline, Evenflo provided its responses in April 2007. Allison did not respond. On September 6, 2007, Evenflo filed a motion to compel Allison to respond to its document requests and interrogatories, asserting that Allison had not provided any discovery up to that point. Again, Allison did not respond. On October 17, 2007, Evenflo filed a motion to dismiss with prejudice for failure to prosecute and to provide discovery.
 {¶ 5} On November 8, 2007, the trial court granted Evenflo's motion to compel discovery, warning that if Allison failed to comply by November 30, the court would grant Evenflo's motion to dismiss. Again, Allison did not respond. On January 4, 2008, the trial court granted Evenflo's motion to dismiss with prejudice.
 {¶ 6} Allison raises one assignment of error on appeal.
 II {¶ 7} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ISSUING THE MOST EXTREME SANCTION OF DISMISSING PLAINTIFF'S ACTION WITH *Page 3 
PREJUDICE FOR FAILURE TO PROVIDE DISCOVERY RATHER THAN A LESS EXTREME SANCTION SUCH AS DISMISSAL WITHOUT PREJUDICE WHERE THE TRIAL COURT DID NOT ADDRES S, NOR DETERMINE THAT THERE HAD BEEN ANY WILLFULNESS OR BAD FAITH BY PLAINTIFF'S COUNSEL."
 {¶ 8} Allison claims that the trial court erred in dismissing the case with prejudice in the absence of a history of repeated discovery abuses or other bad faith.
 {¶ 9} The courts of Ohio have long recognized that the interests of justice are better served when courts address the merits of claims and defenses at issue rather than using procedural devices to resolve pending cases. Moore v. Emmanuel Family Training Center, Inc. (1985),18 Ohio St.3d 64, 70, 479 N.E.2d 879. The harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances and evidences a complete disregard for the judicial system or the rights of the opposing party. Id. Where a party's conduct is "negligent, irresponsible, contumacious or dilatory," it may provide grounds for a dismissal with prejudice for a failure to prosecute or to obey a court order. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 632, 605 N.E.2d 936, citing Schreiner v. Karson (1977), 52 Ohio App.2d 219, 223, 369 N.E.2d 800, 803. The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371,678 N.E.2d 530, 534, citing Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91,437 N.E.2d 1199.
 {¶ 10} In our view, the trial court did not abuse its discretion in dismissing with *Page 4 
prejudice Allison's claim for failure to prosecute and failure to comply with discovery requests. When the motion to dismiss was granted in January 2008, Allison had not taken any steps in pursuit of his claim for almost one year, despite repeated requests for information from Evenflo, including the filing of a motion to compel production, and despite a warning from the trial court that failure to comply would result in "granting forthwith Evenflo's pending Motion to Dismiss," that motion having requested dismissal with prejudice. Although Allison's attorney claims that he did not act in "bad faith," the trial court could have reasonably concluded that his handling of the case was "negligent, irresponsible, contumacious or dilatory." Tokles Son,65 Ohio St.3d at 632. Indeed, Allison has offered no explanation for his failure to respond to Evenflo's discovery requests and the court's order. The trial court did not abuse its discretion in concluding that a Civ. R. 41(B) dismissal with prejudice was appropriate.
 {¶ 11} The assignment of error is overruled.
 III {¶ 12} The judgment of the trial court will be affirmed.
DONOVAN, PJ. and GRADY, J., concur.
David P. Bertsch, Timothy F. Sweeney, Lynn Rowe Larsen, Hon. Michael T. Hall. *Page 1