[Cite as *Geico Cas. Ins. Co. v. Durant-Baker*, 2014-Ohio-1530.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Geico Casualty Insurance Co., | : | |
| Plaintiff-Appellant, | : | No. 13AP-573 |
| | | (C.P.C. No. 13CV-01-432) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Maria Durant-Baker et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on April 10, 2014

*Kreiner & Peters Co., LPA*, and *Daran P. Kiefer*, for appellant.

*Jurca & Lashuk, LLC*, *Jeffrey J. Jurca and Jason P. Grable*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶ 1} Plaintiff-appellant, Geico Casualty Insurance Co., appeals from the June 3, 2013 judgment of the Franklin County Court of Common Pleas dismissing plaintiff's complaint upon the motion of defendants-appellees, Maria Durant-Baker and University Corp. For the reasons that follow, we reverse and remand the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On January 11, 2013, plaintiff filed a complaint seeking monetary judgment against defendants. Plaintiff asserted it was the insurer and subrogee of Natosha M. Mills, whose vehicle was damaged by Maria Durant-Baker while she was acting as an agent of University Corp. On February 20, 2013, defendants filed an answer, denying the allegations of the complaint.

{¶ 3} On May 3, 2013, defendants filed a motion to compel discovery, alleging that plaintiff failed to respond to defendants' interrogatories and request for production of documents, which were served on February 26, 2013. On May 23, 2013, the trial court granted defendants' motion to compel, ordering plaintiff to respond within ten days of the order. The trial court stated in its judgment entry that "[f]ailure to abide by this Court's Order shall result in sanctions." (R. 38.)

{¶ 4} On June 3, 2013, defendants filed a motion pursuant to Civ.R. 37(B) and 41(B)(1) to dismiss with prejudice plaintiff's complaint "for its failure to prosecute this matter and, most recently, Plaintiff's failure to comply with this Court's Order of May 23, 2013 requiring Plaintiff to provide full and complete responses to Defendants' Interrogatories and Requests for Production of Documents within ten (10) days of said Order." (R. 40.) Defendants also requested monetary sanctions, including attorney fees and costs. On June 3, 2013 at 1:33 p.m., the record reflects that the trial court granted defendants' motion to dismiss with prejudice and awarded to defendants reasonable expenses and attorney fees in the amount of $2,500 incurred by the preparation of the motions to compel and dismiss.

## II. Assignments of Error

{¶ 5} Plaintiff timely appeals, assigning the following three errors:

I. The trial court abused its discretion by "Dismissing With Prejudice" under Rule 37 discovery sanctions before the time granted by the Court and Civil Rules to Plaintiff to answer discovery had actually expired.

II. The trial court abused its discretion by dismissing Plaintiff's case with prejudice without giving any notice to Plaintiff and violating the due process rights of the Plaintiff.

III. The trial Court abused its discretion by awarding $2,500.00 in sanctions as no evidence of expenses or attorney fees were submitted by Defendant's counsel with their motion.

### III.   First and Second Assignments of Error

{¶ 6}   Because plaintiff's first and second assignments of error are interrelated, we will consider them together. Plaintiff contends that the trial court abused its discretion by dismissing plaintiff's complaint with prejudice without giving notice of the possibility of dismissal and before the expiration of the period the trial court set for complying with the May 23, 2013 judgment. Defendant responds that plaintiff was on notice regarding the possibility of dismissal because the trial court's May 23, 2013 order contained an admonition that failing to comply could result in sanctions.

{¶ 7}   Dismissal of a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. *Harris v. Harris*, 10th Dist. No. 98AP-1077 (June 24, 1999), citing *Quonset Hut, Inc. v. Ford Motor Co.,* 80 Ohio St.3d 46, 47 (1997). An abuse of discretion connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). " 'While a heightened scrutiny is utilized when reviewing a dismissal with prejudice, the action of the trial court will be affirmed when "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." ' " *Harris*, quoting *Quonset* at 48.

{¶ 8}   Civ.R. 41(B)(1) provides that, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Prior to dismissing a case for failure to prosecute, "a court must notify the plaintiff of the court's intent to dismiss so as to afford the plaintiff an opportunity to correct the default or explain why the case should not be dismissed with prejudice." *Williams v. RPA Dev. Corp.*, 10th Dist. No. 07AP-881, 2008-Ohio-2695, ¶ 7, citing *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128 (1995). "A trial court errs in dismissing a plaintiff's case for failure to prosecute when notice has not been given." *Williams* at ¶ 7, citing *Asres v. Dalton*, 10th Dist. No. 05AP-632, 2006-Ohio-507, ¶ 12. Thus, appellate review of a dismissal for failure to prosecute involves two assessments: first, whether the plaintiff was provided with

sufficient notice prior to the dismissal; and second, whether the dismissal constituted an abuse of discretion. *Williams* at ¶ 8.

{¶ 9}   Here, defendants concede the trial court granted dismissal prior to the expiration of time afforded to plaintiff to respond to the May 23, 2013 judgment.[1] Regardless of whether the trial court's admonition regarding sanctions in the May 23, 2013 order impliedly alerted plaintiff that the complaint was subject to dismissal, the trial court dismissed the action before the expiration of the time allotted to plaintiff to respond. As the trial court fixed the period of time for plaintiff to be afforded a meaningful opportunity to respond at ten days, it could not preemptively terminate such period without destroying the presumption of notice. *Quonset* at syllabus ("For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal."). Thus, despite plaintiff's arguably dilatory conduct prior to the granting of the motion to dismiss, the trial court committed reversible error by failing to afford plaintiff notice of the possibility of dismissal. *Hill v. Marshall*, 10th Dist. No. 12AP-805, 2013-Ohio-5538, ¶ 9, *Carr v. Green*, 78 Ohio App.3d 487, 491 (10th Dist.1992) ("Civ.R. 41(B) requires the prior issuance by the trial court of a separate and additional notice to the plaintiff or his counsel of the pendency of a motion to dismiss for failure to prosecute, whether the dismissal is with or without prejudice, so that the plaintiff has an opportunity to either comply with the court order or explain the circumstances of his non-appearance.").

{¶ 10}   Accordingly, we sustain defendant's first and second assignments of error.

---

[1] Civ.R. 6(A) controls the calculation of time for compliance with court order, providing as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

## IV.  Third Assignment of Error

{¶ 11} Plaintiff's third assignment of error asserts the trial court erred by ordering plaintiff to pay defendants' attorney fees and expenses because plaintiff did not supply evidence of the cost. Having found that the trial court erred by granting defendants' motion to dismiss, the trial court's award of attorney fees and costs is rendered moot.

## V.  Disposition

{¶ 12} Having sustained plaintiff's first and second assignments of error and having found the third assignment of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand to that court for proceedings consistent with this decision.

*Judgment reversed; cause remanded.*

SADLER, P.J., and DORRIAN, J., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

————————

Thus, under Civ.R. 6(A), since the trial court's order was filed on Thursday, May 23, 2013, and the last day of the period was Sunday, June 2, 2013, plaintiff had until the end of Monday, June 3, 2013, to respond to the motion to compel.