[Cite as *Speakman v. Crabtree*, 2014-Ohio-2152.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Bobbi Speakman, :

      Petitioner-Appellee, :

                                 No. 13AP-879

v. : (C.P.C. No. 09DV-1720)

Richard Crabtree, : (ACCELERATED CALENDAR)

      Respondent-Appellant. :

---

D E C I S I O N

Rendered on May 15, 2014

---

*Richard Crabtree*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

O'GRADY, J.

{¶ 1} Respondent-appellant, Richard Crabtree, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, dismissing his motion to terminate a domestic violence civil protection order ("CPO") previously entered by the court upon the petition of Bobbi Speakman. For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In November 2009, Speakman filed a petition for a domestic violence CPO against appellant. The trial court granted a temporary CPO and later entered a consent agreement and CPO effective until November 16, 2014 under R.C. 3113.31. On August 12, 2013, appellant, then incarcerated in Kentucky, filed a motion to terminate the CPO. The trial court scheduled a hearing on the motion for September 16, 2013. On August 22, 2013, appellant filed a motion for transport, asking the trial court to have the Franklin

County Sheriff's Department coordinate with the Kentucky Department of Corrections to transport him from his penal institution to the hearing. Alternatively, appellant asked the court to instruct the clerk to arrange for a teleconference hearing. The trial court denied the August 22 motion. When appellant failed to appear at the scheduled hearing, the trial court dismissed his motion to terminate the CPO based on a failure to prosecute.

## II. ASSIGNMENT OF ERROR

{¶ 3} Appellant appeals and assigns one error for our review:

THE COURT BELOW ABUSED ITS DISCRETION, WHEN IT DENIED THE APPELLANT'S MOTION TO TERMINATE PROTECTION ORDER DUE TO HIS INABILITY TO ATTEND THE SCHEDULED COURT HEARING.

## III. DISCUSSION

{¶ 4} In his sole assignment of error, appellant contends the trial court erred when it dismissed his motion to terminate the CPO.

{¶ 5} Under Civ.R. 41(B)(1), "[w]here the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." A dismissal under this provision "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3). Here, the trial court did not so specify.

{¶ 6} "[A]ppellate review of a dismissal for failure to prosecute involves two assessments: first, whether the plaintiff was provided with sufficient notice prior to the dismissal; and second, whether the dismissal constituted an abuse of discretion." *Geico Cas. Ins. Co. v. Durant-Baker*, 10th Dist. No. 13AP-573, 2014-Ohio-1530, ¶ 8, citing *Williams v. RPA Dev. Corp.*, 10th Dist. No. 07AP-881, 2008-Ohio-2695, ¶ 8. The phrase "abuse of discretion" implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, the ordinary abuse of discretion standard is heightened when a decision forever denies review of the merits of a claim. *Chalendar v. Dept. of Rehab. & Corr.*, 10th Dist. No. 02AP-567, 2003-Ohio-39, ¶ 25, citing *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999). "[T]he action of the trial court will be affirmed when ' "the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal

with prejudice for a failure to prosecute." ' " *Tymachko v. Ohio Dept. of Mental Health*, 10th Dist. No. 04AP-1285, 2005-Ohio-3454, ¶ 16, quoting *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48 (1997), quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632 (1992).

{¶ 7}   Appellant does not contend the trial court provided him with insufficient notice prior to the dismissal. Instead, he argues the court abused its discretion by dismissing his motion to terminate based on his failure to prosecute the case by not attending the scheduled hearing.   Appellant blames his failure to attend on the trial court's denial of his request for transport or, in the alternative, teleconferencing. However, appellant cites no legal authority for the proposition that he had a right to transport or teleconferencing and the court erred by denying him those rights, thereby making dismissal based on his failure to attend the hearing improper. *See Dale v. Dale*, 10th Dist. No. 02AP-644, 2003-Ohio-1113, ¶ 9, citing *Sweet v. Sweet*, 5th Dist. No. 00-CA-99 (Mar. 24, 2001) ("An incarcerated individual does not have an unconditional due process right to attend the hearings and trial of a civil action to which he is a party."); *State v. Hubbard*, 10th Dist. No. 11AP-945, 2013-Ohio-2735, ¶ 34, quoting *Camp v. Star Leasing Co.,* 10th Dist. No. 11AP-977, 2012-Ohio-3650, ¶ 67 (" 'An appellant bears the burden of affirmatively demonstrating error on appeal. * * * It is not the duty of this court to construct legal arguments in support of an appellant's appeal.' "). "Indeed, appellate courts may not construct legal arguments in support of an appellant's appeal." *Id.*, citing *Reid v. Plainsboro Partners, III,* 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22.

{¶ 8}   Even if we were to reach the merits of appellant's motion to terminate the civil protection order, we note the trial court has discretion when deciding whether to grant this request. *See* R.C. 3113.31(E)(8)(a).  In order to prevail on his motion, appellant had the burden to show that termination of the CPO was appropriate because either (1) the protection order was no longer needed, or (2) its terms were no longer appropriate. *See* R.C. 3113.31(E)(8)(b).  Here, the reasons appellant has given for termination of the order, e.g., he complied with the order so far, he is unlikely to violate the order given his current imprisonment, and the order's existence negatively impacts his prison life and rehabilitation, are not persuasive.

{¶ 9} For the foregoing reasons, we overrule the sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____