[Cite as *Lakeview Loan Servicing, L.L.C. v. Hurd*, 2020-Ohio-3163.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

LAKEVIEW LOAN SERVICING, LLC,

Plaintiff-Appellee,

v.

CARRIE L. HURD ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0017**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2017 CV 03163

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Christian Niklas*, and *Atty. Suzana Krasnicki,* Keith D. Weiner & Associates, LPA, 75 Public Square, 4th Floor, Cleveland, Ohio 44113, for Plaintiff-Appellee and

*Atty. Bruce Broyles*, 2670 North Columbus Street, Suite L, Lancaster, Ohio 43130, for Defendants-Appellants.

May 29, 2020

_____

**Donofrio, J.**

{¶1} Defendants-appellants, Carrie and Aaron Hurd, appeal the judgment of the Mahoning County Common Pleas Court granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, Lakeview Loan Servicing, LLC.

{¶2} On March 12, 2013, appellants purchased real property located at 134 Wolcott Drive in Youngstown, Ohio (the property). WCS Lending, LLC financed appellants' purchase of the property. The financing was memorialized in a promissory note that was secured by a mortgage on the property. The note required appellants to make monthly payments of $754.39 for 30 years on the principal amount of $119,352 at an interest rate of 6.5%.

{¶3} On April 9, 2015, appellants and LoanCare (appellants' loan servicer) agreed to a loan modification. The loan modification required appellants to make monthly payments of $590.34 for 30 years on the new principal amount of $121,807.56 at an interest rate of 4.125% beginning on May 1, 2015.

{¶4} Appellants missed their November of 2015 payment on the loan modification. They continued thereafter to make each monthly payment until April 2017. On December 15, 2016, LoanCare sent appellants a letter via certified mail stating appellants were in default on the loan modification agreement and attempted to arrange a face-to-face meeting to discuss foreclosure alternatives.

{¶5} LoanCare sent appellants numerous letters from December 15, 2016 until June 19, 2017 informing them that their loan was in default. The June 19, 2017 letter stated appellants failed to make any payments between May 1, 2017 and June 19, 2017.

{¶6} On November 6, 2017, WCS Lending, LLC assigned appellee the mortgage. After the assignment, LoanCare was still the servicing agent on appellants' loan.

{¶7} Appellee filed this action on December 1, 2017 seeking, among other things, foreclosure of the property. Appellee's complaint generally averred that all necessary conditions precedent were satisfied prior to initiating foreclosure proceedings.

**{¶8}** Appellants filed their answer which denied that appellee satisfied all necessary conditions precedent prior to initiating foreclosure, specifically Department of Housing and Urban Development (HUD) regulations 24 CFR 203.604(b) and 24 CFR 203.605(a).

**{¶9}** On May 25, 2018, appellee filed its motion for summary judgment. Appellee argued that there was no genuine issue of material fact that appellants defaulted on the note and that all necessary conditions precedent were satisfied prior to initiating foreclosure proceedings. Appellee attached numerous exhibits to its motion.

**{¶10}** On June 27, 2018, appellee filed a motion to temporarily stay the proceedings on the basis that it offered appellants a three-month trial loan modification. On July 16, 2018, the trial court granted this order and stayed the proceedings for 120 days.

**{¶11}** On July 23, 2018, appellants filed an opposition to appellee's motion for summary judgment. Appellants argued appellee did not submit evidence that it complied with the face-to-face meeting requirement of 203.604(d). Appellants also argued that their loan servicer instructed them to stop making payments on the loan in May of 2017.

**{¶12}** In support of their second argument, appellants submitted the affidavit of appellant Aaron Hurd. Appellants also cited their account history report which indicated that appellants were making payments on the loan up to May of 2017.

**{¶13}** On October 4, 2018, appellants filed two motions. First, they filed a motion to return this action to active status. Appellants argued that appellee failed to timely provide them with information regarding the proposed loan modification and deprived them of adequate time to consider the loan modification offer. Second, appellants filed a motion for leave to file an omitted counterclaim. This motion argued that their proposed counterclaim was based, at least in part, on events that happened during the trial loan modification offer. The trial court granted the motion to return the case to active status but denied the motion to file an omitted counterclaim.

**{¶14}** Appellee filed a reply to appellants' opposition to summary judgment. This reply contained numerous letters sent by appellee to appellants informing appellants that they were in default on their loan and informing them of their right to a face-to-face meeting.

Case No. 19 MA 0017

**{¶15}** On January 18, 2019, the trial court granted appellee's motion for summary judgment. The trial court held that there was a valid promissory note between appellants and appellee that was secured by a mortgage on the property, appellants breached the terms of the note, and appellee was entitled to foreclosure.

**{¶16}** Appellants timely filed a notice of appeal on February 11, 2019. Appellants now raise two assignments of error.

**{¶17}** Appellants' first assignment of error states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN APPELLEE LENDER FAILED TO DEMONSTRATE THAT IT COMPLIED WITH TITLE 24 C.F.R. SECTIONS [sic] 203.604(b) WHICH REQUIRES THE MORTGAGEE TO HAVE A FACE-TO-FACE MEETING WITH THE MORTGAGOR, OR MAKE A REASONABLE ATTEMPT TO ARRANGE SUCH A MEETING WITHIN 30 DAYS AFTER DEFAULT.

**{¶18}** Appellants make numerous arguments in this assignment of error. They argue that they were continuously in default beginning in November of 2015 and lasting until May of 2017. Because they were continuously in default for approximately 19 months, they argue that appellee failed to comply with the time requirements regarding face-to-face meetings under HUD regulations. They then argue that the time requirements of face-to-face meetings are mandatory and, if the time requirements are not met, the terms of the loan should be reinstated in order to allow lenders to timely comply with HUD regulations.

**{¶19}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that

conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

**{¶20}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

**{¶21}** Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist. 1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶22}** Relevant to this appeal, appellee's complaint set forth a claim for foreclosure of the property. In order for a plaintiff to be granted summary judgment on a foreclosure claim, the plaintiff must show: (1) they are the holder of the note and mortgage, (2) the mortgagor is in default, and (3) the amount of principal and interest due. See *Bank of Am. v. Saadey*, 7th Dist. Mahoning No. 12 MA 196, 2014-Ohio-3569, ¶ 18.

**{¶23}** Appellee's complaint stated that it was the holder of appellants' note and mortgage and that appellants failed to pay the note according to its terms and conditions. Appellants' answer admitted that they failed to pay the note according to its terms and conditions but denied that appellee satisfied all necessary conditions precedent prior to initiating foreclosure proceedings.

**{¶24}** Appellee's motion for summary judgment contained numerous exhibits. Among these exhibits were: a copy of appellants' promissory note; a copy of appellants' mortgage; a copy of the assignment of appellants' mortgage naming appellee as the assignee; a copy of appellants' loan modification agreement; a notice of default sent by certified mail to appellant Carrie Hurd dated December 15, 2016; another notice of default

sent to appellants dated June 19, 2017; and a copy of appellants' account history. Appellants' account history shows that the last payment they made on the note was in April of 2017. The account history also shows that between May of 2015 (the first full month after the loan modification was in effect) and April of 2017, appellants made the full payment on the note every month except for November of 2015.

**{¶25}** Appellee also attached the affidavit of Shanna Simmons. Simmons is an assistant secretary with LoanCare. Simmons averred that: appellee is in possession of appellants' promissory note; appellants' account is due for the May 1, 2017 payment and all subsequent payments; and that there remains due on the note $117,521.50 with an interest rate of 4.125% per annum beginning on April 1, 2017.

**{¶26}** Appellants' opposition to summary judgment argued that appellee did not satisfy the face-to-face meeting requirement of 24 CFR 203.604(b) prior to initiating foreclosure proceedings. This regulation states, in relevant part:

> The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * *.

**{¶27}** A "reasonable effort" includes a minimum of one letter sent by U.S. certified mail and one trip to see the mortgagor at the mortgaged property. 24 CFR 203.604(d).

**{¶28}** Appellants' opposition to summary judgment argued they are on a repayment plan arranged other than during a personal interview and, pursuant to 24 CFR 203.604(b), appellee was required to at least make a reasonable attempt at a face-to-face meeting within 30 days of default. They argued that they defaulted on the note in November of 2015 and, thus, appellee was required to make a reasonable attempt at a face-to-face meeting within 30 days from November of 2015. They attached Aaron Hurd's affidavit in support.

**{¶29}** Appellee's reply to appellant's opposition to summary judgment argued that it satisfied this condition precedent by sending numerous letters by certified mail to appellants attempting to arrange a face-to-face meeting and visiting the property prior to initiating foreclosure. Appellee's reply contained numerous letters it sent to appellants notifying them that appellants were in default. Exhibit 1 is another copy of the June 19, 2017 letter that was not sent by certified mail. Exhibit 2 is a letter from appellee sent to appellants by certified mail dated February 14, 2017, informing appellants that their loan is past due and attempts to arrange a face-to-face meeting. Exhibit 3 is a letter from appellee sent to appellants by certified mail dated April 14, 2017, informing appellants that their loan is past due and informing them of attempts to arrange a face-to-face meeting. Exhibit 4 is a letter from appellee sent to appellants by certified mail dated May 15, 2017, informing appellants that their loan is past due and attempting to arrange a face-to-face meeting. Exhibit 5 is a letter from appellee sent to appellants by certified mail dated June 14, 2017, informing appellants that their loan is past due and attempting to arrange a face-to-face meeting.

**{¶30}** Based on the summary judgment evidence, there is no genuine issue of material fact that appellee complied with relevant HUD regulations. While appellants did not make their November of 2015 payment on the note, they continued making payments on the note every month until the April 2017 payment. Once appellants stopped making payments after April of 2017, they were also considered in default. Appellee made numerous attempts via certified mail to arrange a face-to-face meeting prior to initiating foreclosure proceedings, including on May 15, 2017 and June 14, 2017. Moreover, appellee sent a representative to visit the property on April 30, 2017. Thus, appellee did attempt to arrange a face-to-face meeting within 30 days of default by sending numerous letters to appellant by certified mail and visiting the property.

**{¶31}** Accordingly, appellants' first assignment of error is without merit and is overruled.

**{¶32}** Appellants' second assignment of error states:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN APPELLANTS PRESENTED EVIDENCE THAT APPELLEE ENCOURAGED THEM TO STOP MAKING PAYMENTS.

Case No. 19 MA 0017

**{¶33}** Appellants argue that summary judgment in appellee's favor was improper because appellee's employees induced appellants to breach the terms of the loan by advising them to stop making payments. Thus, they argue that the doctrine of unclean hands bars appellee's foreclosure claim.

**{¶34}** As this assignment of error also challenges the trial court's award of summary judgment, it is subject to the same de novo standard of review previously set forth in appellants' first assignment of error.

**{¶35}** Pursuant to the doctrine of unclean hands, "one who seeks equity must do equity." *State ex rel. DeWine v. Shadyside Party Ctr.*, 7th Dist. Belmont No. 13 BE 26, 2014-Ohio-2357, ¶ 29 citing *Basil v. Vincello*, 50 Ohio St.3d 185, 553 N.E.2d 602 (1990). The doctrine of unclean hands requires that the party invoking equity "not be guilty of reprehensible conduct" regarding the subject matter of the action. *Id.* quoting *Basil*. A foreclosure action is equitable in nature. *Buckeye Retirement Co. L.L.C. v. Walling*, 7th Dist. Mahoning No. 05 MA 119, 2006-Ohio-7059, ¶ 16. "[T]he unclean hands doctrine should not be imposed where a party has legal remedies available to address an opposing party's asserted misconduct." *Deutsche Bank Natl. Trust Co. v. Pevarski*, 4th Dist. Washington No. 08CA52, 2010-Ohio-785, ¶ 24 quoting *Safranek v. Safranek*, 8th Dist. Cuyahoga No. 80413, 2002-Ohio-5066.

**{¶36}** The doctrine of unclean hands is an affirmative defense. See *Beneficial Fin. 1, Inc. v. Edwards*, 7th Dist. Mahoning No. 13 MA 106, 2014-Ohio-5514, ¶ 17. "An affirmative defense must be raised in the pleadings or in an amendment to the pleading, or it is waived." *Sharp v. Miller*, 7th Dist. Jefferson No. 17 JE 0022, 2018-Ohio-4740, ¶ 37. Appellants did not raise unclean hands as an affirmative defense in the pleadings or in an amendment to the pleadings. Thus, they waived this issue.

**{¶37}** Addressing the merits of this assignment of error would not change the result. Appellants argue that Hurd's affidavit, Simmons' affidavit, and their account history report show that appellee induced them to stop making payments on the note. While Hurd's affidavit avers that appellee advised appellants to stop making payments, self-serving affidavits are insufficient to create a genuine issue of material fact during summary judgment proceedings. *Nolan v. Hinzey*, 7th Dist. Belmont Nos. 15 BE 0047,

15 BE 0048, 2016-Ohio-4657, ¶ 56 citing *Telecom Acquisition Corp. I v. Lucis Ents., Inc.*, 8th Dist. Cuyahoga No. 102119, 2016-Ohio-1466.

**{¶38}** As for Simmons' affidavit and appellants' account history report, there is nothing specific in either of these that indicates appellee induced appellant to stop making payments on the note. Without specific evidence, a mortgagor's claim that the mortgagee induced the mortgagor to default on a note is insufficient to create a genuine issue of material fact. See *GMAC Mtg., LLC v. Jackson*, 3d Dist. Marion No. 9-13-01, 2013-Ohio-2150 ¶ 28-35.

**{¶39}** Accordingly, appellants' second assignment of error is without merit and is overruled.

**{¶40}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 19 MA 0017

[Cite as *Lakeview Loan Servicing, L.L.C. v. Hurd*, 2020-Ohio-3163.]

———————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**